# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 14-1055V
Filed: August 17, 2015
Unpublished

```
*************************
BRUCE A. PEDERSON,              *
                                *
         Petitioner,            *    Joint Stipulation on Damages and
                                *    Attorneys' Fees and Costs;
                                *    Influenza ("Flu") Vaccine;
SECRETARY OF HEALTH             *    Guillain-Barre Syndrome ("GBS");
AND HUMAN SERVICES,             *    Special Processing Unit ("SPU")
                                *
                                *
         Respondent.            *
                                *
*************************
```

*Kate Gerayne Westad*, Lommen Abdo Law Firm, Minneapolis, MN, for petitioner.
*Julia Wernett McInerny*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON JOINT STIPULATION AWARDING DAMAGES AND ATTORNEYS' FEES AND COSTS [1]

**Vowell**, Chief Special Master:

On October 29, 2014, Bruce Pederson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that as the result of an Influenza ["Flu"] vaccination on October 31, 2011, he suffered from Guillain-Barre Syndrome ["GBS"]. Petition at 1-2; Stipulation, filed August 14, 2015, ¶¶ 2, 4. Petitioner further alleges that he experienced the residual effects of his injury for more than six months, and has received no prior award or settlement for this injury. Petition, ¶¶ 4, 6; Stipulation, ¶¶ 4-5. "Respondent denies that the flu vaccine caused petitioner's GBS or any other injury." Stipulation, ¶ 6.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Nevertheless, the parties have agreed to settle the case. Stipulation, ¶ 7. On August 14, 2015, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

The Stipulation also includes an award of attorneys' fees and costs. Stipulation, ¶ 8(b). In accordance with General Order #9, petitioner's counsel asserts that petitioner incurred no out-of-pocket expenses. *Id.*

Respondent agrees to pay petitioner as follows:

a. A lump sum of **$175,000.00** in the form of a check payable to petitioner. Stipulation, ¶ 8(a). This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a). *Id*.

b. A lump sum of **$21,668.68** in the form of a check jointly payable to petitioner and petitioner's attorney, Kate Westad. Stipulation, ¶ 8(b). This amount represents compensation for all legal expenses that would be available under 42 U.S.C. § 300aa-15(e). *Id*.

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

                                                  **s/Denise K. Vowell**
                                                  Denise K. Vowell
                                                  Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| BRUCE PEDERSON, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> SECRETARY OF HEALTH ) <br> AND HUMAN SERVICES, ) <br> ) <br> Respondent. ) | No. 14-1055V <br> ECF <br> Chief Special Master Vowell |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Bruce Pederson ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). Petitioner seeks compensation for injuries allegedly related to the trivalent seasonal influenza ("flu") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received his flu vaccine on October 31, 2011.

3. The vaccine was administered within the United States.

4. Petitioner alleges that he suffered Guillain Barré Syndrome ("GBS") as a result of his flu vaccination. Petitioner further alleges that he experienced residual effects of this condition for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of his condition.

6. Respondent denies that the flu vaccine caused petitioner's GBS or any other

injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a. A lump sum of $175,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a); and
>
> b. A lump sum of $21,668.68 in the form of a check payable to petitioner and petitioner's attorney, for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e), and, in compliance with General Order #9, no out-of-pocket expenses were incurred by petitioner in proceeding on the petition

9. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

10. Payments made pursuant to paragraph 8 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money

2

provided pursuant to this Stipulation, will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

12. In return for the payments described in paragraph 8, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on October 31, 2011, as alleged by petitioner in a petition for vaccine compensation filed on or about October 29, 2014, in the United States Court of Federal Claims as petition No. 14-1055V.

13. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner to suffer GBS or any other injury.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/

Respectfully submitted,

PETITIONER:

*/s/ Bruce Pederson*
BRUCE PEDERSON

ATTORNEY OF RECORD FOR PETITIONER:

*/s/ Kate G. Westad*
KATE G. WESTAD
LOMMEN ABDO, P.A.
1000 International Centre
920 Second Avenue South
Minneapolis, MN 55402
(800) 752-4297

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

*/s/ A. Melissa Houston*
A. MELISSA HOUSTON, M.D., M.P.H., FAAP
Director, Division of Injury Compensation Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

Dated: 8·14·15

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

*/s/ Vincent J. Matanoski*
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

ATTORNEY OF RECORD FOR RESPONDENT:

*/s/ Julia W. McInerny*
JULIA W. MCINERNY
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 353-3919

5